U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 10 2015
CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARTIR A. QUINTERO-VASQUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-520-A |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court for consideration is the motion for summary judgment filed in the above-captioned action by defendant, Wal-Mart Stores Texas LLC. Plaintiff, Martir A. Quintero-Vasquez, filed a response, to which defendant replied. Having now considered all of the parties' filings, the entire summary judgment record, and the applicable legal authorities, the court concludes that the motion should be granted.

I.

Background

Plaintiff initiated this action by filing his petition in County Court at Law No. 2 of Tarrant County Texas, on May 15, 2014. His petition asserted a claim for premises liability against defendant. Defendant filed a notice of removal to this court on July 3, 2014.

II.

## Grounds of Defendant's Motion and the Nature of Plaintiff's Response

A.  Defendant's Motion

Defendant argued that summary judgment is appropriate because plaintiff has no evidence that defendant had actual or constructive knowledge of the condition which allegedly caused plaintiff to slip and fall. Defendant further argued that in order to prove constructive knowledge, plaintiff must present evidence that the condition had existed long enough to give defendant an opportunity to find and remedy such condition, and plaintiff has presented no evidence to that effect.

B.  Plaintiff's Response

In his response, plaintiff argued that there is a fact issue as to actual or constructive knowledge because the condition which caused his fall was twenty-five to thirty feet from the front entrance in a high-traffic area, and there was evidence of a dark streak in a photo taken following plaintiff's fall. Plaintiff further argued that such evidence casts aspersions upon the credibility of Wal-Mart employees.

IV.

## Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense

if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy

3

Sys. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[1] Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

V.

Analysis

A. Summary Judgment Evidence Most Favorable to Plaintiff

The following is an overview of the narrative of events pleaded by the plaintiff and undisputed by defendant for the purposes of this motion for summary judgment:

Plaintiff was inside defendant's store on February 2, 2014. When he was approximately twenty-five to thirty feet from the entrance, he slipped and fell. Thereafter, plaintiff told several of defendant's employees about his fall. Plaintiff does

---

[1] In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

4

not know what he slipped on, but he believed it to be a green piece of fruit. No one told him how long the substance had been on the floor. Assistant Manager Michael Sarna ("Sarna") inspected the area where plaintiff said he fell after such fall, and stated that he saw no foreign substance on the floor. Sarna took a photo of the area, which seems to show scuff marks on the floor. Plaintiff alleged that the substance was cleaned up between plaintiff telling the first employee and Sarna inspecting the area.

B. Plaintiff's Claim for Premises Liability

Defendant argued that, even taking as true plaintiff's narrative of the events, plaintiff cannot establish actual or constructive notice by defendant of a substance on the floor because he has presented no evidence to establish how long such substance was present. In order to prevail on a claim for premises liability, plaintiff must establish that: "(1) [defendant] had actual or constructive knowledge of some condition on the premises, (2) the condition posed an unreasonable risk of harm, (3) [defendant] did not exercise reasonable care to reduce or eliminate the unreasonable risk of harm, and (4) [defendant]'s failure to use reasonable care to reduce or eliminate unreasonable risk of harm proximately caused [plaintiff]'s injuries." LMB, Ltd. v. Moreno, 201 S.W.3d 686,

688 (Tex. 2006). "A slip-and-fall plaintiff satisfies the notice element by establishing that (1) the defendant placed the substance on the floor, (2) the defendant actually knew the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d 812, 814 (Tex. 2002). Plaintiff has not alleged that defendant placed the substance on the floor.

1. Constructive Knowledge on the Part of Defendant

Plaintiff cannot establish constructive knowledge on the part of defendant because plaintiff has presented no evidence as to how long the hazard was on the floor. "Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." Id. "An employee's proximity to a hazard, with no evidence indicating how long the hazard was there, merely indicates that it was possible for the premises owner to discover the condition, not that the premises owner reasonably should have discovered it." Id. In both his deposition and in the answers to defendant's requests for admissions, plaintiff admitted to not knowing how long the substance had been on the floor prior to the incident. As such, even taking all of his allegations as true, plaintiff cannot

6

succeed on a claim for premises liability based on constructive knowledge.

   2.   Actual Knowledge on the Part of Defendant

Plaintiff's response to defendant's motion argued that there is a fact issue as to whether defendant had actual knowledge of the hazard. Plaintiff argued that three facts created a fact issue as to whether defendant had actual knowledge of the hazardous condition: (1) the fall occurred very close to the entrance of the store in a high-traffic area; (2) Sarna wrote a statement which said that while plaintiff showed him where he allegedly slipped, Sarna "saw no foreign substance on the ground . . . ," Pl.'s Mot., Ex. 2, but the photo attached to such statement showed dark scuff marks on the ground, which casts doubt on Sarna's credibility; and (3) defendant's answers to plaintiff's requests for admissions prove that a separate manager inspected the area prior to the alleged fall.

The fact that the substance was allegedly in a high-traffic area is not proof of actual knowledge on the part of defendant. Plaintiff offers no proof that an agent of defendant was in that area or that any other customer had complained to defendant about such substance.

With regard to Sarna's statement, plaintiff's deposition testimony was that he slipped on "something like fruit . . . ,"

7

Def.'s Mot., Ex. A at 43, which looked like "something green . . . ." Id. at 44. The photograph does not depict a green, fruit-like substance. Also, plaintiff conceded that he fell in a high-traffic area, so it would not be unusual to find scuff marks on the floor. Furthermore, it was plaintiff's deposition testimony that the substance had been cleaned from the floor before Sarna was shown the area.[2]

Lastly, defendant's answer to plaintiff's interrogatory number five stated that the area was inspected prior to the incident by Brandi Ben ("Ben"), "who did not observe any hazards, debris or dangerous conditions in the area where Plaintiff alleges he fell." Pl.'s Mot., Ex. 4 at 12. Plaintiff has offered no evidence as to why Ben should be disbelieved, and plaintiff stated he did not see the substance prior to slipping on it, so one could infer that it was easy to overlook, and Ben could have done so as well. And, as stated above, the fact that one of defendant's employees was in close proximity to such substance is not evidence of actual knowledge. It would be nonsensical to hold that an employee's proximity to a hazard is insufficient to assume knowledge on the part of a defendant through the doctrine of constructive knowledge, but is sufficient

---

[2] Plaintiff's deposition testimony was that he spoke with a "black lady" who was an employee, who took him to a female manager. That manager then called a male manager. The court assumes that Sarna is the male to whom plaintiff was referring.

to create a genuine issue of material fact as to actual knowledge of a defendant.

For the reasons set forth above, plaintiff's claim of premises liability fails, because he has offered no evidence to create a genuine issue of material fact as to whether defendant had actual or constructive notice of the substance on the floor prior to his fall.

## VI.

### Order

Therefore,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted.

SIGNED April 10, 2015.

_____
JOHN McBRYDE
United States District Judge